## Lease v. Bamford et al.

*C. Wilson Austin,* for plaintiff.

*Daniel H. Huyett, 3rd,* for defendants.

MAYS, P. J., January 31, 1955.—On February 2, 1953, plaintiff, Winfield Lease, filed a complaint in mandamus against the members of the Officers and Employees Retirement Board of the City of Reading to compel them to put plaintiff on the pension rolls of the City of Reading, contending that as he was in the employ of the city for more than 12 years and was contributing to the pension fund and was 60 years of age at the time of his involuntary dismissal, he is entitled to receive a pension.

Defendants filed an answer February 21, 1953, averring that plaintiff performed no work or service for the City of Reading for a total period of 16½ months and, therefore, failed to serve the city for the requisite period in order to qualify for a pension.

Trial was held on May 17, 1954, before a jury. After the testimony was closed, the trial judge granted defendants' request for binding instructions and directed the jury to find in favor of defendants. This was done by the jury. Plaintiff moved for judgment n. o. v.

The Act of May 23, 1945, P. L. 903, as amended, 53 PS §12198-4352, authorized third class cities on an optional basis to establish a retirement system for officers and employes independently of any pension system authorized by existing statutes of such cities. Section 4 of the act of assembly, as amended by section 1 of the Act of September 29, 1951, P. L. 1614, 53 PS §12198-4374, provides as follows:

"Where an officer or employe shall have served for twelve (12) years, or more, and shall have attained the age of sixty (60) years, and his tenure of office or employment shall be terminated without his voluntary action before the expiration of twenty (20) years of service, he shall, in such event, during the remainder of his life, be entitled to receive such portion of the full compensation as the period of his service up to date of its termination bears to the full twenty-year period of service. . . ."

The City of Reading, by bill no. 51, an ordinance, enacted October 9, 1946, elected to come under the terms and provisions of the Act of May 23, 1945, and the city ordinance, as last amended by bill no. 31, enacted December 12, 1951, contains language identical to the quotation above set forth from the Act of May 23, 1945.

There is but one question involved in the instant case. It is this: Has plaintiff "served" the City of Reading for 12 years or more? If he did, he is entitled to retirement compensation. If he did not, he is not entitled to relief.

The City of Reading, by ordinance, has clarified the employment rights and privileges of city employes. The city has promulgated rules relating to vacations, sick leave, leave of absence with pay, and leave of absence without pay. Bill no. 38, an ordinance, enacted July 31, 1946, provided for two weeks' annual vacation with pay, following service of one year; it also pro-

vided for 30 days' sick leave each year, leave of absence of one day or three days (depending upon the family relationship) with pay for a death in the family; and leave of absence without pay not to exceed 30 days each year. Section 2(*e*) of ordinance no. 38 reads as follows:

"Section 2(e) Directors of Departments may, in addition to the leave of absence with pay authorized by this ordinance, grant leave of absence to persons employed in their respective departments, without pay, not to exceed thirty (30) days in any one calendar year."

Bill no. 5, an ordinance, repealed bill no. 38, containing provisions almost identical to bill no. 38.

During the year of 1947, plaintiff was granted three months' leave of absence without pay and two weeks' vacation with pay. During this time, he received no pay and made no contributions to the retirement fund. During other years plaintiff was on vacation without pay and made no contribution to the retirement fund. The excess of allowable vacations were not provided for as required by the ordinance of the City of Reading. Upon one or two occasions plaintiff did have the consent of one of the department heads to be absent but he, at no time, was granted permission by the city council to absent himself from his duties for such long periods of time to go to Florida. There was one occasion when leave was asked for but the council refused to grant it. In reality, it was conceded by plaintiff that he did not actually serve 12 years with what are proper deductions for vacation and otherwise, and consequently did not pay into the pension fund an amount to equal what should have been payable had he served the full 12 years.

As above stated, the question is whether plaintiff "served" the city 12 years or more. In order to determine what is a valid service, an employe is entitled

to a certain amount of sick leave, vacation leave, leave of absence with pay and leave of absence without pay. If an employe is illegally absent from his duties, obviously such employe is not then validly serving the city, and this is particularly so when, as here, the money paid into the fund does not comprehend a full period of 12 years.

The meaning of the word "served" in the pension law was considered by the Supreme Court of Nebraska in Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476. This case involved a statute providing for pensions for firemen, "whenever such firemen shall have first served in such fire department for the period of 21 years." Wessel was employed as a fireman on May 6, 1918, and actually performed his duties until May 26, 1938, when he was absent from his duties until December 9, 1938, for medical reasons, and after reporting for active duty on December 9, 1938, he served until December 11, 1938. The court rejected the claim for a pension and stated:

"The word served as here used means the act of serving, the labor performed or the duties required of a fireman. It means the active service from which the statute says he may elect to retire. The fireman must have been performing such duties for a period of 21 years before he is entitled to the pension benefits. It does not include any period of time while he is only a member of the fire department but not on active duty."

In the instant case plaintiff was absent from his duties for approximately 16½ months over a period of 12 years.

Accordingly, January 31, 1955, we concluded that plaintiff not having served, as required, the full 12 years, is not entitled to receive benefits and therefore the verdict will have to stand and judgment is entered thereon.